RP

1
2
3
4
5

6                **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   Maurice Patterson,                    )     No. CV 08-2019-PHX-JAT (DKD)
                                          )
10              Petitioner,               )     **ORDER**
                                          )
11  vs.                                   )
                                          )
12  Schriro, et al.,                      )
                                          )
13              Respondents.              )
    _____)

14

15          On November 3, 2008, Petitioner Maurice Patterson, who is confined in the Arizona

16  State Prison Complex-Yuma, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to

17  28 U.S.C. § 2254 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3).

18          By Order filed November 26, 2008 (Doc. #4), the Court granted Petitioner's

19  Application to Proceed *In Forma Pauperis.*  Because Petitioner had failed to sign his

20  Petition, the Court's Order also gave him 30 days to file a completed and signed Certificate,

21  on the form included with the Order.

22  **I.     Certificate**

23          On December 3, 2008, Petitioner filed a completed and signed Certificate (Doc. #5)

24  as required.  Accordingly, the Court will proceed to review the Petition.

25  **II.    Petition**

26          Named as Respondent in the Petition is Director Schriro.  However, the Court takes

27  judicial notice that Dora Schriro is no longer Director of the Arizona Department of

28  Corrections (ADOC).  Accordingly, the new Interim Director of the ADOC, Charles L. Ryan,

1
2
3

will be substituted as Respondent pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.   The Attorney General of the State of Arizona is named as an Additional Respondent.

4
5
6

In his Petition, Petitioner challenges his judgment of conviction for possession of narcotic drugs, entered in the Maricopa County Superior Court in matter CR-2007-119472-001DT.  Petitioner was sentenced to a 4.5-year term of imprisonment.

7
8

Petitioner presents two grounds in the Petition in support of his request for habeas relief:

9
10
11
12

(1)     "Unreasonable search and seizure - invasion of privacy 4th Amendment U.S. Constitution[.]  Right to privacy Article 2 section 8 Arizona State Constitution[.]  5th and 14th Amendment due process rights (liberty)[.] [R]elief under 28 U.S.C[.] § 2254 and 28 U.S.C[.] [] § 2241"; and

13
14
15

(2)     "6th Amendment - United States Constitution speedy trial right[.] Article 2 section 24 - Arizona State Constitution speedy trial right[.] 5[th] and 14th Amendment due process right[.] Relief under 28 [] U.S.C[.] [§] 2254 and 28 U.S.C[.] § 2241."

16

**III.    Exhaustion of State Remedies**

17
18
19
20
21
22
23
24
25
26
27

A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus.  Rose v. Lundy, 455 U.S. 509, 102 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983).  The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted.  Rose, 455 U.S. at 521-22.  "[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).  However, a prisoner has not exhausted his state court remedies where an appeal or a petition for post-conviction relief is still pending.  Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (petition for post-conviction relief); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (appeal).

28

The Ninth Circuit Court of Appeals (Ninth Circuit) has held that:

1
2
3

> [w]hen, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.

4   _Sherwood_, 716 F.2d at 634; see also _Daniels v. Nelson_, 415 F.2d 323 (9th Cir. 1969) (federal

5   habeas premature where state appeal is pending).   The failure to exhaust subjects the

6   Petitioner to dismissal.   _Gutierrez v. Griggs_, 695 F.2d 1195 (9th Cir. 1983).

7        Petitioner alleges that the issue raised in Ground One has not been presented to the

8   Arizona Court of Appeals.   Petitioner does not indicate if the issue in Ground Two was

9   presented to the Arizona Court of Appeals, although he states at the bottom of both Grounds

10   One and Two that the reason he did not present the issues to the Arizona Court of Appeals

11   is that "[u]nder the rules of criminal procedure, an opening brief is to be presented in 40 days

12   but my court[-]appointed attorney has failed to do this and me being in prison cannot submit

13   a typewritten brief that meets the standards.   I also presented a petition for review with the

14   issue of the case on April of 2008 which was denied by the judge pro tempere."

15        Elsewhere in the Petition, Petitioner indicates that he filed a direct appeal from his

16   judgment of conviction to the Arizona Court of Appeals on June 19, 2008, with a docket or

17   case number of #1CA-CR 08-0610.   Under "Result," Petitioner has written "None, because

18   the court[-]appointed attorney failed to submit the opening brief that needed to be typewritten

19   which I could not present myself."   Under "Date of result," Petitioner has written "N/A."

20   Accordingly, it appears that Petitioner's appeal to the Arizona Court of Appeals is still

21   pending.[1]

22        Because Petitioner's appeal is pending in the Arizona state courts, there is still the

23   possibility that Petitioner's conviction or sentence may be reversed.   Therefore, Petitioner

24   has not exhausted his state court remedies, and this Petition is premature.   Accordingly, the

25   Petition and this action will be dismissed without prejudice to Petitioner filing a new petition

26

27   _____

28        [1]The website of Division One of the Arizona Court of Appeals indicates that Petitioner's appeal, 1CA-CR 08-0610, is still pending and that Appellant's Opening Brief was filed on January 30, 2009.

1    and action after he has exhausted his state court remedies.

2    **IT IS ORDERED:**

3         (1)    Charles L. Ryan, Interim Director of the ADOC, is **substituted as Respondent**

4    for Dora Schriro pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

5    Henceforth, proceedings in this action **must be** in the name of Charles L. Ryan as

6    Respondent.

7         (2)    The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

8    and this action are **dismissed without prejudice** for failure to exhaust state court remedies

9    and as premature and the Clerk of Court **must enter judgment** accordingly.

10        DATED this 23rd day of February, 2009.

11

12

13

14                           James A. Teilborg

15                       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28